UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GMI, INC.,

        Plaintiff,

  v.                                                              Case No. 06-C-0048

ENT GAMES, INC.,

        Defendant.

**ORDER**

Plaintiff GMI, Inc., a Wisconsin corporation, sued defendant ENT Games, Inc., a South Carolina corporation, for failing to deliver electronic game boards in accordance with a contract. The case is before this court on diversity jurisdiction. *See* 28 U.S.C. § 1332. On February 6, 2006, GMI filed an affidavit stating that ENT had been served on January 23, 2006. On March 14, 2006, no answer having been filed by ENT, the court entered a default in the amount of $119,512.50, plus interest and costs, against ENT upon GMI's motion. ENT has now moved to set aside that default.

The parties tell very different stories as to whether GMI ever made service upon ENT. GMI proffers affidavits and a return of service signed by process server Troy Gonzaga, who avers that he made personal service upon Daniel Cooper, Jr., the registered agent for ENT, at his home in Andrews, South Carolina on January 23, 2006 at 8:34 PM. (Docket #4, #15, #20.) Defendant proffers Cooper's affidavit denying that he was served, as well as the affidavit of Cooper's minor

son, Nicholas, who avers that he witnessed service of papers upon an individual named Frank Hatch[1] but did not apprise his father of this fact. (Docket #24, #25.)

Whether GMI effected service under either Fed. R. Civ. P. 4(h) or Wis. Stat. § 801.11(5)(a) depends on which version of the facts is correct. If Cooper, GMI's registered agent, was never served, then good cause exists to set aside the default (and, barring effective service within the time allotted by Fed. R. Civ. P. 4(m), to dismiss the case). If Cooper was in fact served, then there is no reason to set aside the default. Instead, there would be reason not only to deny the motion, but to sanction the defendant for filing a false affidavit. The only way for the court to resolve the dispute is through an evidentiary hearing. The court notes that the witnesses at such a hearing would be required to travel from South Carolina. The court (and, no doubt, the witnesses) would greatly appreciate counsel's efforts to sort out any innocent misapprehensions of the facts before the hearing.

**IT IS THEREFORE ORDERED** that the clerk of court shall set this matter on for an evidentiary hearing within thirty days of the date of this Order.

Dated this   21st   day of April, 2006.

>                                    s/ William C. Griesbach
>                                    William C. Griesbach
>                                    United States District Judge

---

[1] Hatch, according to Cooper's affidavit, is a 43-year-old adult not related to Cooper who is self-evidently "mentally challenged." (Docket #11.) Gonzaga states that the person he served identified himself as Daniel Cooper, Jr., and did not have any obvious physical or mental handicaps. (Docket #20.)

2